AUTOMATED PACKAGING SYSTEMS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3697–77R.    Filed May 15, 1978.

*Thomas A. Jorgensen* and *Walter G. Harper*, for the petitioner.

*Rudolf L. Jansen*, for the respondent.

OPINION

GOFFE, *Judge:* Petitioner has instituted this action pursuant to section 7476, Internal Revenue Code of 1954,[1] for a declaratory judgment that its pension plan adopted on June 28, 1974, and amended effective January 14, 1977, is a qualified plan under section 401(a). The parties agree that all jurisdictional requirements have been met. Pursuant to Rule 217 of the Rules of Practice and Procedure of this Court, the parties have filed with the Court a stipulation of the administrative record. No evidence other than the administrative record has been presented. Petitioner's pension plan was adopted on June 28, 1974, and amended on July 7, 1975, and January 14, 1977.

The issue, upon which the qualification of the plan depends, is whether the requirements of section 411(a) (Minimum Vesting Standards) have been satisfied by the provisions, as amended, set forth in petitioner's pension plan (hereinafter referred to as the plan).

Section 2.26 of the plan provides:

2.26 The words "vesting service" shall mean for any participant the aggregate of all periods, each of which shall be computed to the nearest one-three hundred sixty-fifth (1/365th) year, of his employment with the Company or any Affiliate excluding:

(a) in the case of a participant whose employment had terminated prior to January 1, 1975, and who has been rehired by the Company or an Affiliate on or after January 1, 1975, any periods of vesting service which such participant had prior to his date of rehire; provided, however, that this subparagraph (a) shall be subject to and where applicable superseded by Section 7.5 of this Trust and Plan; and

(b) in the case of a participant who has been rehired by the Company or an Affiliate after a one year break in service, all periods of vesting service which such participant had prior to such one year break in service pursuant to this Section 2.26 and pursuant to this subparagraph (b), if the number of full years of such vesting service shall have been less than or equal to the number of consecutive one year breaks in service which he shall have had since the last day of such vesting service; provided, however, that this subparagraph (b) shall

---

[1] All Code section references are to the Internal Revenue Code of 1954, as amended.

be subject to and where applicable superseded by Section 7.5 of this Trust and Plan.

Respondent argues that the plan is not qualified under both of two alternatives: (1) The plan does not confer a year of service credit for purposes of vesting if a participant has completed 1,000 hours of service during a 12-month computation period; or (2) the plan does not satisfy the "elapsed time alternative method" for computing the period of service for purposes of vesting. In support of his first argument respondent relies not only upon section 411(a)(5)(A) but also upon regulations promulgated by the Secretary of Labor. Section 411(a)(5)(A) provides that the term "year of service" means a calendar year, plan year, or other consecutive 12-month period during which a participant has completed 1,000 hours of service. The term "hours of service" is set forth in section 411(a)(5)(B) and refers to section 410(a)(3)(C) which defines the term as a time of service determined under regulations prescribed by the Secretary of Labor. The Secretary of Labor issued 29 C.F.R. sec. 2530.200b–1(b) (1977),[2] which provides:

> *Rules generally applicable to computation periods.* In general, employment at the beginning or end of an applicable computation period or on any particular date during the computation period is not determinative of whether the employee is credited with a year of service or a partial year of participation, or incurs a break in service, for the computation period. Rather, these determinations generally must be made solely with reference to the number of hours (or other units of service) which are credited to the employee during the applicable computation period. For example, an employee who is credited with 1000 hours of service during any portion of a vesting period computation period must be credited with a year of service for that computation period regardless of whether the employee is employed by the employer on the first or the last day of the computation period. * * *

In response, petitioner first contends that the Department of Labor has no authority to promulgate regulations which define a "year of service" (except in seasonal industries pursuant to section 411(a)(5)(C)). Therefore, petitioner argues that all regulations prescribed by the Secretary of Labor which attempt to define "year of service" (with the exception of section 411(a)(5)(C)) are invalid. In support of this argument petitioner relies upon section 3002(c) of the Employee Retirement Income

---

[2] All references to Dept. of Labor Regs. are to 29 C.F.R. (1977).

Security Act of 1974 (hereinafter referred to as ERISA) which provides:

Regulations prescribed by the Secretary of Treasury under sections 410(a), 411, and 412 of the Internal Revenue Code of 1954 (relating to minimum participation standards, minimum vesting standards, and minimum funding standards, respectively) shall also apply to the minimum participation, vesting, and funding standards set forth in parts 2 and 3 of subtitle B of title I of this Act. Except as otherwise expressly provided in this Act, the Secretary of Labor shall not prescribe other regulations under such parts, or apply the regulations prescribed by the Secretary of Treasury under sections 410(a), 411, and 412 of the Internal Revenue Code of 1954 and applicable to the minimum participation, vesting, and funding standards under such parts in a manner inconsistent with the way such regulations apply under sections 410(a), 411, and 412 of such Code.

In addition, petitioner takes the position that section 2530.200b–1(b), Dept. of Labor Regs., requires the plan to credit an employee for a "year of service" even though the employee was not employed for an entire 12-consecutive-month period. This requirement, petitioner argues, is contrary to the intent of Congress. Petitioner interprets section 411(a)(5)(A) as requiring both 12 months of employment, whether active or inactive, and completion of 1,000 hours of service during such period in order to obtain credit for a year of service for purposes of vesting. Petitioner further argues that the Dept. of Labor Regulations make it impossible to comply with section 105(a) of ERISA which in part provides:

Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information * * *
(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable * * *

Prior to the enactment of the Employee Retirement Income Security Act of 1974 (ERISA), employers were generally not required to give a covered employee vested benefits pursuant to a retirement plan (i.e., the right to receive benefits even if the employee leaves or loses his job before retirement age).[3] Consequently, many employees who had participated in a retirement plan for lengthy periods lost all benefits due either to

---

[3]However, in some cases vesting was required to prevent a plan from having a discriminatory effect in operation or upon termination or complete discontinuance of contributions to the plan. See *Ryan School Retirement Trust v. Commissioner*, 24 T.C. 127 (1955).

their early retirement or termination. Congress recognized this problem as one of the principal inequities in the entire scheme of retirement plans. In response to this inequity Congress saw fit to require employers to grant a covered employee vested rights to plan benefits under statutory guidelines. Section 411(a)(2) provides three alternative methods which satisfy the vesting requirements.[4] Each of the methods includes the computation of "years of service" in determining the extent of nonforfeitable rights which vest with an employee under a retirement plan. As respondent points out the general definition of "year of service" for purposes of vesting means a 12-consecutive-month period during which an employee completed 1,000 hours of service. Sec. 411(a)(5)(A). In addition, section 411(a)(5)(B) provides the definition of "hours of service" which section 410(a)(3)(C) specifically authorizes the Secretary of Labor to determine by regulations:

(C) HOURS OF SERVICE—For purposes of this subsection, the term "hour of service" means a time of service determined under regulations prescribed by the Secretary of Labor.

The language in the above sections clearly reflects the intent of Congress with respect to conferring upon the Secretary of Labor authority to prescribe regulations in the area of computing year of service.

The regulations with respect to "year of service" are to be written by the Secretary of Labor for purposes of participation and vesting. The term "hour

---

[4](A) 10-Year Vesting—an employee with 10 years of service must have a nonforfeitable right to 100 percent of his accrued benefits derived from employer contributions.

(B) 5- to 15-Year Vesting—an employee who has completed at least 5 years of service must have a nonforfeitable right to a percentage of accrued benefits derived from employer contributions which percentage is not less than the following:

| Years of service | Nonforfeitable percentage |
|---|---|
| 5 | 25 |
| 6 | 30 |
| 7 | 35 |
| 8 | 40 |
| 9 | 45 |
| 10 | 50 |
| 11 | 60 |
| 12 | 70 |
| 13 | 80 |
| 14 | 90 |
| 15 | 100 |

(C) Rule of 45—an employee who is not separated from the service, who has completed at least 5 years of service, and with respect to whom the sum of his age and years of service equals or exceeds 45 must have a nonforfeitable right to a specified percentage of his accrued benefits derived from employer contributions.

of service" will also be defined in Labor Department Regulations. [H.R. Conf. Rept. 93–1280, 93d Cong., 2d Sess. 263 (1974), reprinted in U.S. Code Cong. & Adm. News 5045 (1974).]

Moreover, section 505 of ERISA authorizes the Secretary of Labor to prescribe regulations which are necessary in implementing the provisions of ERISA. Accordingly, we cannot accept petitioner's argument that the Secretary of Labor has no authority to prescribe regulations in the area of computing years of service.

Petitioner argues in the alternative that section 2530.200b–1(b), Dept. of Labor Regs., is contrary to the provisions of section 411(a)(5)(A) and the intent of Congress because the regulation does not require employment status for the entire 12-month computation period. In support of this argument, petitioner relies on portions of a letter dated March 1, 1976, from Congressmen Dent and Erlenborn to W. J. Usery, Secretary of Labor.[5] Excerpts upon which petitioner relies state:

> In addition to the above, our concern extends to the general approach taken in the proposed regulations to the conditions under which an employee is credited with a year of service for participation, vesting, and accrued benefit purposes. Our understanding of the conditions under which an employee is credited with a year of service (as explained in the Statement of Managers of the Conference Report, H. Rept. No. 93–180, 93rd Congress, pp. 262–3, 269) is that a year of service is not required to be credited if the employee "separated from the service" before the applicable admission date (for participation) or the end of the computation period (for vesting and benefit accrual). As explained on pages 262–3 of the Statement of Managers, "In general, 'separated from the service' means the employee was discharged or quit; it does not mean temporary absence due to vacation, sickness, strike, seasonal layoff, etc." While this discussion of the "separated from service" concept appears in the section of the Conference Report dealing with "year of service" for participation purposes, it is clear from the subsequent sections of the report dealing with vesting and benefit accrual that the "year of service" rules are to be the same for these purposes as for participation.

> the rules with respect to "year of service," seasonal and part time employees, etc., are the same for purposes of the vesting schedule as they are for purposes of participation * * *

> We had thought that in rejecting the "five month year" contained in the Senate bill that the conferees had effectively precluded a "short year" requirement. Clearly the continued reference to the twelve month period in the year of service context was intended as more than a reference to a

---

[5]The complete text of the letter is not before this Court.

"computation period." The proposed regulations in Subsection 2530.200b–1 state that employment at either the beginning or the end of an applicable computation period shall not be determinative of whether an employee has a year of service. This would appear to negate the clear meaning of the words of explanation in the Statement of Managers and appears to be designed to achieve the result rejected in the conference. We would hope that the final regulations will be written so as to adhere to the explanation of year of service as given in the Statement of Managers.[6]

Petitioner argues that the above-quoted comments indicate that section 411(a)(5)(A) should be read as requiring both 12 months of employment, whether active or inactive, *and* completion of 1,000 hours during the same 12-month period in order to obtain credit for a year of service. We disagree. The comments of Congressmen Dent and Erlenborn were made after the passage of ERISA. Their remarks are only an expression of their opinion. Other members of Congress did not have the benefit of such comments prior to the passage of ERISA. Under these circumstances the above comments can be considered of little value in ascertaining congressional intent. *Key Buick Co. v. Commissioner*, 68 T.C. 178, 183 (1977). Moreover, an examination of the legislative history demonstrates that Congress intended the term "year of service" to mean that an employee (participant) who has completed 1,000 hours of service during a 12-month computation period must be given credit for 1 year of service for purposes of vesting.

The House Conference Report 93–1280 (entitled Joint Explanatory Statement of the Committee of Conferences), was submitted to the House and Senate in the form of an explanation of the agreed provisions of the House and Senate bills. In part the Conference Report stated:

*Year of Service defined.*

In general, under the conference substitute, the rules with respect to "year of service," seasonal and part-time employees, etc., are the same for purposes of the vesting schedule as they are for purposes of participation (*i.e.*, *generally 1,000 hours of service except for seasonal industries, where the customary work*

---

[6]The comments of Congressmen Dent and Erlenborn with respect to the "five month year" presumably refer to the portion of the Senate Report which states:

"*Service that is seasonal, intermittent, etc.*—For purposes of the minimum vesting rules, an employee is to be treated as having performed a year of service if he was actually employed at least 80 hours a month, for at least 5 months during the year (which may be a calendar, plan, or fiscal year, whichever is applied on a consistent basis under the plan)." (S. Rept. 93–383, 93d Cong., 1st Sess. 48, reprinted in U.S. Code Cong. & Adm. News 4933 (1974).) The issue before this Court does not involve the question of seasonal or part-time workers.

*year is less than 1,000 hours*). However, the relevant year for purposes of applying the vesting schedule may be any 12-month period provided under the plan (plan year, calendar year, etc.) regardless of the anniversary date of the participant's employment (even though the anniversary date is the measuring point for purposes of the participation requirements for an employee's first year). [H.R. Conf. Rept. 93–1280, 93d Cong., 2d Sess. 269 (1974), reprinted in U.S. Code Cong. & Adm. News. 5050–5051 (1974). Emphasis added.]

The Conference Report supports respondent's position that the "1,000 hours of service" requirement set forth in section 411(a)(5)(A) is the measuring factor to be considered when computing a year of service credit for vesting purposes. In addition, section 2530.200b–1(b), Dept. of Labor Regs., is consistent with section 411(a)(5)(A) and the Conference Report with respect to the 1,000 hours of service requirement. Petitioner's plan does not credit an employee with a year of service when he or she has completed 1,000 hours of service during a 12-month computation period. To the contrary, the plan provides credit for only a percentage of the total number of days within a 12-month computation period which corresponds to the total number of days of employment during such period. The application of the vesting provisions of petitioner's plan results in a denial of credit for 1 year of service to all employees who have completed 1,000 hours of service during the computation period unless the employee has also worked for the entire 12-month period. For these reasons petitioner's plan does not constitute a qualified plan under section 401(a).[7]

Additionally, petitioner contends that it cannot comply with the mandate of section 105(a) of ERISA if it is required to apply the 1,000-hour standard for vesting purposes. Petitioner argues that section 105(a) requires it to provide to an employee the earliest date on which pension benefits will become nonforfeitable. Applying the 1,000 hours standard, petitioner asserts, will make the computation of the earliest date impossible. We do not agree. While the calculation of the number of hours of service

---

[7]Petitioner further argues that the 1,000-hour standard should apply only to a multiemployer plan because the time an employee works for one employer is irrelevant as long as the employee continues to be employed by any employer required to contribute to the plan. (See sec. 3(37) of ERISA for the definition of multiemployer plan.) Therefore, petitioner contends that it is inappropriate for the Department of Labor to impose a standard for single employer plans which is designed for multiemployer plans. We do not agree. The computation of a year in service applies to single employer and multiemployer plans in the same manner. For purposes of computing year of service a multiemployer plan is treated as if it were a single employer plan. H.R. Conf. Rept. 93–1280, 93d Cong., 2d Sess. 271 (1974), reprinted in U.S. Code Cong. & Adm. News 5052 (1974).

attributable to an employee during the computation period may be cumbersome to the administration of the plan, it is not impossible. Petitioner is required to furnish data to an employee based on the *latest* available information, which will afford an employee an opportunity to be aware of his nonforfeitable rights. The imposition of the 1,000 hours of service standard does not preclude petitioner from complying with section 105(a) of ERISA.

Respondent also argues that petitioner's plan does not qualify under section 401(a) because the plan does not comply with the "elapsed time method." This method is an alternative to the 1,000 hours standard used in computing years of service.[8] Section 2530.200b–9, Dept. of Labor Regs., was issued in response to comments made by various employers who stated that the calculation of hours of service for purposes of vesting was overly restrictive. The employers asked that an elapsed time method be implemented as it had been prior to ERISA.[9] See *Ryan School Retirement Trust v. Commissioner*, 24 T.C. 127 (1955). Under the elapsed time method a year of service is generally measured by determining the total "period of time" an employee is employed regardless of the actual number of hours of service completed during a computation period. Therefore, this method of computation is more favorable to employees and less costly to administer because the plan is required only to keep records of appropriate periods of time. As a result, an employee may be provided with a single reference point for determining his or her rights under plans which rely on length of service for determining vesting rights. 29 Fed. Reg. 56469 (1976).

Service is required to be computed from the time an employee first performs an hour of service until the date of severance from service. Sec. 2530.200b–9(a)(2), Dept. of Labor Regs. However, section 2530.200b–9(a)(3)(vi) provides that a plan

---

[8] On June 30, 1976, the Department of Labor issued ERISA Technical Release (ETR) 2003 which set forth seven conditions which a plan was required to satisfy to determine service on the basis of elapsed time. 29 Fed. Reg. 56468 (1976). Subsequently, ETR 2003 was issued as a proposed and temporary regulation to be effective immediately (sec. 2530.200b–9, Dept. of Labor Regs.). The reason for making this section effective immediately on a temporary basis was that plans in existence on Jan. 1, 1974, must have met the minimum standards of ERISA for plan years beginning after Dec. 31, 1975, within the time specified in sec. 401(b) of the Code. Publication of sec. 2530.200b–9, Dept. of Labor Regs., as a temporary regulation would enable such plans to be amended as expeditiously as possible so that they could be brought into compliance with the minimum standards provisions of ERISA. 29 Fed. Reg. 56462 (1976).

[9] *Ets-Hokin & Galvan, Inc. v. Commissioner*, T.C. Memo. 1962–136.

utilizing the elapsed time method must credit certain periods of severance[10] of 12 months or less for purposes of vesting. This particular provision of the Labor Regulations is designated as "service spanning rules." Sec. 2530.200b–9(d)(1)(iii). It provides:

> In determining a participant's period of service for vesting purposes, a plan shall take into account the following periods of severance—
>
> (A) If an employee severs from service by reason of a quit, discharge or retirement and the employee than performs an hour of service within the meaning of section 2530.200b–2(a)(1) within 12 months of the severance from service date, the plan is required to take into account the period of severance; and
>
> (B) * * * if an employee severs from service by reason of a quit, discharge or retirement during an absence from service of 12 months or less for any reason other than a quit, discharge, retirement or death, and then performs an hour of service within the meaning of section 2530.200b–2(a)(1) within 12 months of the date on which the employee was first absent from service, the plan is required to take into account the period of severance.

Petitioner's plan satisfies all the requirements of section 2530.200b–9 with the exception of the service spanning rules. The plan does not allow a credit for an employee who severs his employment but returns within 12 months and performs an hour of service. In addition the plan does not allow a credit of an employee who is absent from service for 12 months or less, for any reason other than a quit, discharge, retirement, or death, and then performs an hour of service. Petitioner concedes that its plan does not satisfy the service spanning rules but argues that the application of these rules requires an employer to give credit for periods (a severance or absence of less than 12 months followed by the performance of one hour of service) during which the employee is not employed by the employer maintaining the plan, and thus contrary to congressional intent. Respondent takes the position that the service spanning rules are consistent with section 411(a)(5)(A) and congressional intent for the reason that credit for service is required for periods during which an employee was employed for less than 12

---

[10]The term "period of severance" is defined under sec. 2530.200b–9(a)(3)(v) as follows:

A period of severance begins on the severance from service date and ends when an employee returns to service with the employer or employers maintaining the plan. The purpose of the period of severance is to apply the statutory "break in service" rules to an elapsed time method of crediting service.

consecutive months (i.e., the completion of 1,000 hours during a computation period). We agree with respondent.[11] Section 411(a)(5)(A) does not require employment for 12 consecutive months in order to acquire a "year of service" credit for vesting purposes. As long as an employee performs 1,000 hours of service during a computation period, vesting credit is required. The elapsed time method disregards the computation of the 1,000 hours requirement and affords a plan a more liberal procedure for computing vesting credit. A more liberal approach for computing credit for vesting is consistent with congressional intent:

Any plan may allow more liberal vesting than required by the Act. If, upon application by a plan, the Secretary determines that a plan's vesting provisions assure a degree of vesting protection as equitable as the vesting schedule required by the Act, he may waive the Act's requirements and permit the plan's vesting schedule to remain unchanged. [S. Rept. 93–127, 93d Cong., 1st Sess. 39, reprinted in U.S. Code Cong. & Adm. News 4875 (1974).]

Moreover, the elapsed time method is an *alternative* method which was promulgated by the Secretary of Labor to accommodate employers who objected to the restrictive nature of the 1,000 hours requirement. The application of the elapsed time method results in less cumbersome administrative procedures than required under section 411(a)(5)(A) and affords employees participating under a pension plan a more workable reference point from which to determine their accumulated credit in terms of vesting.

Therefore, petitioner's plan fails to satisfy the requirements of section 411(a)(5)(A) and the alternative elapsed time method for computing vesting credit.

*An appropriate decision will be entered.*

Reviewed by the Court.

CHABOT, *J.*, concurring: I join in the opinion of the Court in this case. However, a few additional comments may be appropriate.

It appears to me that petitioner's plan fails to meet the

---

[11]We do not pass on the validity of the regulations in a situation where application of the elapsed time method results in more restrictive vesting than application of the 1,000-hour standard.

standards of the statute—in particular, paragraphs (1), (2), and (5)(A) of section 411(a) of the Internal Revenue Code of 1954, as amended. The plan fails because it is possible, under the plan's provisions set forth in the Court's opinion, for a participant to be denied a nonforfeitable right to his or her accrued benefit derived from employer contributions even though the participant has completed 1,000 hours of service during each of that number of years which the plan is permitted to require under the appropriate subparagraph of paragraph (2) of section 411(a) of the Code (set forth in note 4 of the Court's opinion). Since the statute forbids a plan to impose a greater obligation on a participant, I do not see how a regulation could validly permit a plan to impose a greater obligation on a participant. Consequently, I do not see how we could hold for petitioner in this case, even if we had agreed with petitioner's analysis of the regulations drawn in question.

In the usual case, respondent may appropriately be held to regulations prescribed by the Treasury Department (or the appropriate other department or agency, as in this case), even though there may be doubt that the statute is as generous as the regulations to the petitioner. However, in cases arising under the Employee Retirement Income Security Act of 1974 (ERISA) this course of action frequently is not appropriate, because it is possible for the status of a plan (and the validity of the regulations) to be drawn in question by employees and by the Pension Benefit Guaranty Corp., as well as by the plan administrator and the employer (see sec. 7476(b)(1) of the Code). Also, decisions in this forum interpreting the statute and the regulations will have an impact on the rights of participants, beneficiaries, and others in proceedings brought under part 5 of title I and under title IV of ERISA. (See note 11 of the Court's opinion.)

TANNENWALD and SIMPSON, *JJ.*, agree with this concurring opinion.