STANDARD OIL COMPANY OF CALIFORNIA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22582–80R.     Filed April 5, 1982.

---

*Walter V. Stafford* and *Daniel Niehans*, for the petitioner.
*Cheryl D. White*, for the respondent.

OPINION

SIMPSON, *Judge*: The petitioner has instituted this action pursuant to section 7476(a)(1) of the Internal Revenue Code of 1954[1] for a declaratory judgment that the Annuity Plan for Employees of Standard Oil Co. of California and Participating Companies, as amended effective January 1, 1976, continues to be a qualified plan within the meaning of section 401(a). The issue for decision is whether such plan's method of determining credited service for purposes of benefit accrual satisfies the service crediting requirements of section 411(b) so as to be a qualified plan under section 401(a).

Pursuant to Rule 217(b), Tax Court Rules of Practice and Procedure,[2] the parties filed with this Court the administrative record relating to the request for a determination that the petitioner's annuity plan is a qualified plan. The case was submitted fully stipulated pursuant to Rule 122.

The petitioner, Standard Oil Co. of California, is the parent company in a controlled group of corporations within the meaning of section 414(b). At the time it filed its petition in this case, its principal place of business was in San Francisco, Calif.

The petitioner is the plan sponsor and plan administrator of the Annuity Plan for Employees of Standard Oil Co. of California and Participating Companies (the annuity plan) and is an employer of employees covered by such plan. The annuity plan is a defined benefit pension plan; it was originally established effective December 1, 1933. It was last amended and restated in August 1977, effective January 1, 1976, to

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.

[2] All references to a Rule are to the Tax Court Rules of Practice and Procedure.

implement the changes required by the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93–406, 88 Stat. 829. The annuity plan most recently received a favorable determination letter in 1972.

Section 15(b) of the annuity plan, as amended, provides the rules for computing a participant's "period of credited service" for purposes of benefit accrual. Under such section, the following periods, among others, are recognized as credited service: (1) Any period for which an employee is paid or entitled to payment for performance of services or is receiving certain short-term disability benefits; (2) any period during which an employee is on leave of absence with pay, a paid vacation, or a holiday; (3) the first 31 consecutive days of any period during which an employee is on an authorized leave of absence without pay (i.e., a layoff), subject to certain conditions; and (4) any period during which a former employee is in U.S. military service, subject to certain conditions. Such section specifically excludes from credited service any period during which an employee is on strike or locked out.

On September 14, 1977, the petitioner filed with the San Francisco District Director of Internal Revenue a request for a favorable determination letter with respect to the continuing qualification of the annuity plan, as amended. On September 22, 1980, the San Francisco District Director, relying on technical advice received from the National Office of the IRS, issued a final adverse determination letter in which he ruled that the annuity plan did not meet the requirements of section 401 effective for the plan year ending December 31, 1976. His basis for such adverse determination was that section 15(b) of the annuity plan did not satisfy the requirements of section 411.[3]

To understand the issue, it is first necessary to describe several of the statutory provisions added by ERISA and the regulations thereunder. Section 410 sets forth the minimum standards that may be established for participation in a

---

[3]An additional ground for such adverse determination was that the provisions of the annuity plan relating to the offsetting of plan benefits by employer-financed foreign social security benefits were not definitely determinable and were potentially discriminatory in favor of highly compensated employees. The petitioner has conceded this issue and has agreed to adopt appropriate amendments to the annuity plan. Thus, such issue is not before us.

qualified plan. For such purposes, section 410(a)(5) requires that all years of service with the employer be counted, except that when there is a break in service, the earlier service may be disregarded under specified circumstances. Section 411(a) contains rules regarding the minimum vesting requirements that must be included in a qualified plan, and section 411(b) deals with the accrual of benefits under a qualified plan. The amount of any benefit is determinable under the plan (sec. 411(a)(7) and sec. 1.411(b)–1(a)(1), Income Tax Regs.), but for a defined benefit plan[4] to qualify, the benefit must accrue in accordance with at least one of the three alternative methods described in section 411(b)(1). The accrual of benefits in a defined benefit plan depends, in part, upon the employee's years of participation in the plan, and section 411(b)(3)(A) defines a "year of participation" as:

a period of service (beginning at the earliest date on which the employee is a participant in the plan and which is included in a period of service required to be taken into account under section 410(a)(5)) as determined under regulations prescribed by the Secretary of Labor which provide for the calculation of such period on any reasonable and consistent basis.

See sec. 1.411(b)–1(f), Income Tax Regs. Section 411(b)(3)(C) permits a plan, for purposes of accruing benefits, to exclude the service of an employee who works less than 1,000 hours during a year, unless the exclusion of such service is prohibited by regulations issued by the Secretary of Labor.

The responsibility for issuing regulations under the provisions of ERISA is divided between the Secretary of the Treasury and the Secretary of Labor. See sec. 3004 of ERISA, 88 Stat. 998. The regulations for computing the years of participation in a plan for purposes of accruing benefits thereunder have been issued by the Department of Labor (the DOL regulations). Under 29 C.F.R. section 2530.204–1(a) and (b)(1) of such regulations, each year of service with the employer maintaining the plan must be treated as a year of participation for purposes of accruing benefits, except that the

---

[4] A defined benefit plan is one which provides a definite schedule of benefits. Employer contributions are determined actuarially on the basis of benefits payable and such factors as mortality, workforce turnover, and interest rates. Thus, unlike a defined contribution plan, participants in a defined benefit plan do not share in any actuarial or investment gains, nor do they bear the risk of actuarial or investment losses. See sec. 414(i) and (j).

plan need not include service before an employee becomes a participant in the plan, service which is not required to be taken into account under the break in service rules of section 410(a)(5),[5] and service not required to be taken into account under section 411(b)(3)(C).

The method, sometimes called the conventional method, for computing years of participation for purposes of benefit accrual is described in 29 C.F.R. sec. 2530.200b–1(a), and under such method, a year of participation is based on the number of hours of service during an accrual computation period—a period of 12 consecutive months designated for that purpose. See also 29 C.F.R. sec. 2530.204–2. Generally, an employee receives credit during an accrual computation period for hours for which he is paid or entitled to payment for the performance of duties or for which he is entitled to payment by the employer on account of a period of time during which no duties are performed, such as vacation, holiday, illness, disability, layoff, jury duty, military duty, or leave of absence. 29 C.F.R. sec. 2530.200b–2(a). In general, an employee who completes 1,000 hours of service during an accrual computation period must be credited with at least a partial year of participation. 29 C.F.R. secs. 2530.200b–1(a), 2530.204–2(c)(1). However, a plan may require more than 1,000 hours of service during an accrual computation period for an employee to receive credit for a full year of participation, and in such situation, the employee who falls short of performing the hours of service required by the plan may be given credit for only a part of a year of participation. 29 C.F.R. secs. 2530.200b–1(a), 2530.204–2(c)(2).[6]

The use of the conventional method for computing years of participation in a plan requires an employer to keep detailed records of the hours of service of each participant, and the maintenance of such records may be unduly burdensome and

---

[5]29 C.F.R. sec. 2530.204–1(b)(1) refers to the break in service rules under sec. 410(b)(5) of the Code, but it is obvious that such reference contains a typographical mistake. Such rules are contained in sec. 410(a)(5), and there is no sec. 410(b)(5) in the Internal Revenue Code of 1954.

[6]For example, a plan may require 2,000 hours of credited service during an accrual computation period for an employee to receive a full year of participation. If an employee completes 1,000 hours of service, he must, at a minimum, receive credit for one-half of a year of participation (1,000 hours/2,000 hours). See 29 C.F.R. sec. 2530.204–2(c)(4)(i).

expensive for some employers. See sec. 1.410(a)–7(a)(1)(ii), Income Tax Regs.; *Automated Packaging Systems, Inc. v. Commissioner*, 70 T.C. 214, 222, 224 (1978); Maldonado, "Elapsed Time Method for Crediting Service Can Reduce Plan Administrative Expenses," 54 J. Tax. 84 (Feb. 1981). As a result, the Secretary of Labor issued 29 C.F.R. sec. 2530.204–3, in which he established alternative methods for computing an employee's service for purposes of accrual of benefits not based on accrual computation periods. Paragraph (a) of such section provides:

(a) General. Under \* \* \* section 411(b)(3)(A) of the Code, a defined benefit pension plan may determine an employee's service for purposes of benefit accrual on the basis of accrual computation periods, as specified in § 2530.204–2, *or on any other basis which is reasonable and consistent and which takes into account all covered service during the employee's participation in the plan which is included in a period of service required to be taken into account under \* \* \* section 410(a)(5) of the Code.* If, however, a plan determines an employee's service for purposes of benefit accrual on a basis other than computation periods, it must be possible to prove that, despite the fact that benefit accrual under the plan is not based on computation periods, the plan's provisions meet at least one of the three benefit accrual rules of \* \* \* section 411(b)(1) of the Code under all circumstances. Further, a plan which does not provide for benefit accrual on the basis of computation periods may not disregard service under \* \* \* section 411(b)(3)(C) of the Code. [Emphasis added.]

Paragraph (b) of such section sets forth three examples of such alternative computation methods "which *may* be used by a plan provided that the requirements of paragraph (a) of this section are met" (emphasis added). The three examples are the career compensation method,[7] the credited hours method,[8] and the elapsed time method.

The Secretary of the Treasury has issued regulations under

---

[7] 29 C.F.R. sec. 2530.204–3(b)(1) provides:

(1) Career compensation. A defined benefit formula based on a percentage of compensation earned in a participant's career or during participation, with no variance depending on hours completed in given periods.

[8] 29 C.F.R. sec. 2530.204–3(b)(2) provides:

(2) Credited hours. A defined benefit formula pursuant to which an employee is credited with a specified amount of accrual for each hour of service (or hour worked or regular time hour) completed by the employee during his or her career.

section 410 defining the elapsed time method for computing service. Sec. 1.410(a)–7, Income Tax Regs.[9] Under such method, an employee's rights under the plan are not based on his hours of service with the employer during a computation period; instead, service is determined by reference to the total period of time which elapses while the employment relationship exists between the employee and the employer maintaining the plan. Sec. 1.410(a)–7(a)(1)(ii), Income Tax Regs. In determining service to be taken into account, the elapsed time method uses a "period of service" rather than a "year of service." Sec. 1.410(a)–7(a)(3)(ii), Income Tax Regs. A period of service runs from the date that a participant commences participation under the plan until the "severance from service date." Sec. 1.410(a)–7(a)(3)(iv), (b)(6), (e)(1), Income Tax Regs. Section 1.410(a)–7(b)(2), Income Tax Regs., defines the severance from service date as occurring on the earlier of:

(i) The date on which an employee quits, retires, is discharged or dies; or

(ii) The first anniversary of the first date of a period in which an employee remains absent from service (with or without pay) with the employer or employers maintaining the plan for any reason other than quit, retirement, discharge or death, such as vacation, holiday, sickness, disability, leave of absence or layoff.

The Commissioner's position appears to be that since the petitioner did not keep records of the hours of service of each employee and did not use the conventional method for accrual of benefits, and since it did not use the career compensation method or the credited hours method, it was in effect using the elapsed time method. The Commissioner points out that under that method's definition of the severance from service date, an employee is entitled to credit for a full year of leave of absence from work, but that under the annuity plan, an employee receives credit only for 31 days of leave of absence from work without pay and receives no credit while he is on strike or locked out. Accordingly, he argues that the provisions of the annuity plan do not satisfy the requirements of 29 C.F.R. sec. 2530.204–3(a), since they fail to give credit for all periods of

---

[9]Such regulations were originally issued by the Department of Labor in the form of temporary and proposed regulations. See 29 C.F.R. sec. 2530.200b–9 (July 1, 1977). Under sec. 101 of the Reorganization Plan No. 4 of 1978, 43 F.R. 47713 (Oct. 17, 1978), jurisdiction over this subject was transferred to the Treasury Department. Consequently, the final regulations were issued by the Treasury Department, and not the Department of Labor, on June 17, 1980 (T.D. 7703, 1980–2 C.B. 143).

service required to be taken into consideration under the method elected, the elapsed time method. On the other hand, the petitioner maintains that its method of computing service for purposes of accruing benefits under the annuity plan satisfies the requirements of paragraph (a) of 29 C.F.R. sec. 2530.204–3 and is therefore an allowable alternative method. In the alternative, the petitioner argues that even if it is considered to be using the elapsed time method, the provisions of the annuity plan satisfy the requirements of that method when such requirements are properly understood and applied. Since we have concluded that the annuity plan does use an allowable alternative method, we do not need to consider the petitioner's alternative position.

The Commissioner's position assumes that a qualified plan is required to use either the conventional method or one of the methods specifically referred to in paragraph (b) of 29 C.F.R. sec. 2530.204–3 of the DOL regulations for accruing benefits. However, it is clear under 29 C.F.R. sec. 2530.204–3(b) that the elapsed time method, as well as the career compensation and credited hours methods, are only *examples* of methods which may be used where the determination of an employee's service for purposes of benefit accrual is made on a basis other than computation periods. Any other such method, provided it satisfies the requirements of 29 C.F.R. sec. 2530.204–3(a), *may* be used by a plan. It is not disputed that the annuity plan meets at least one of the three benefit accrual rules of section 411(b)(1) under all circumstances and that it does not disregard service under section 411(b)(3)(C). Thus, the only question is whether the annuity plan's method of determining service for purposes of benefit accrual is "reasonable and consistent" and "takes into account all covered service during the employee's participation in the plan which is included in a period of service required to be taken into account under * * * section 410(a)(5)."

Such service coverage requirement merely provides that an alternative method must take into account all covered service (that is, years of participation in the plan), except such service as may be disregarded under the break in service rules of section 410(a)(5). See 29 C.F.R. secs. 2530.204–1(b)(1) and (2), 2530.210(a)(2). The Commissioner has not contended that the annuity plan does not meet the requirements of section 410(a)(5), and it is clear that, in fact, the annuity plan does satisfy such requirements. Thus, since the annuity plan gives

credit for all covered service required to be taken into account under section 410(a)(5), it meets the service coverage requirement of 29 C.F.R. sec. 2530.204–3(a).

We also find that the annuity plan's method of crediting service satisfies the "reasonable and consistent" requirement of 29 C.F.R. sec. 2530.204–3(a). The Commissioner argues that the annuity plan is neither reasonable nor consistent since it uses the elapsed time method for determining the date on which an employee commences participation but does not use such method for determining the date on which an employee's service ends. However, as discussed previously, a plan need not adopt the elapsed time method as defined by the Commissioner or any other particular method for crediting service; rather, it may adopt *any* method for determining service which satisfies the requirements of 29 C.F.R. sec. 2530.204–3(a). Moreover, the method used in the annuity plan may result in an employee's receiving more credit for his service than he would receive under the career compensation method, the credited hours method, or the elapsed time method. For example, under the career compensation method, an employee receives credit only for the service for which he was compensated, but under the annuity plan, an employee receives credit for a leave of absence without pay up to 31 days. Under the credited hours method, an employee receives credit only for those hours worked, but under the annuity plan, he receives credit for all leaves of absence with pay, such as holidays and vacations. Under the elapsed time method, an employee is to receive credit only for a leave of absence of 1 year, but under the annuity plan, he receives credit for a longer leave of absence if he is compensated during such leave. Hence, there is no indication that the method used by the annuity plan for accruing benefits will operate inconsistently, and the use of such method may actually be more reasonable for the employees than the method urged by the Commissioner.

In summary, we are satisfied that the method used by the annuity plan for crediting service for the accrual of benefits meets the requirements of 29 C.F.R. sec. 2530.204–3(a), and accordingly, we hold that such plan is a qualified plan under section 401(a).

*An appropriate decision will be entered.*